IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

KATHRYN BUTTERFLY-BILES,      )
                                   )
      Plaintiff and             )
      Counter-Defendant    )
                                   )
v.                              )       **Case No. 09-CV-086-CVE-PJC**
                                   )
STATE FARM LIFE INSURANCE CO., )
                                   )
      Defendant and        )
      Counter-Plaintiff     )
                                   )
v.                              )
                                   )
ROBYN BILES MCCORMICK,      )
DAWN BILES MCCORMICK,       )
                                   )
      Counter-Defendants.    )

## OPINION AND ORDER

Before the Court is the Plaintiff Kathryn Butterfly-Biles's Motion in Limine to Exclude Testimony or in the Alternative, Motion to Compel Production of a New 30(b)(6) Corporate Representative. [Dkt. No. 52, 53]. For the reasons set forth below, the motions are **GRANTED IN PART AND DENIED IN PART.**

### I.
### *Background*

Plaintiff is the named beneficiary under a life insurance policy issued by Defendant State Farm Life Insurance Co. ("State Farm") on the life of Plaintiff's deceased, Donald Biles. Plaintiff and Donald Biles lived in the State of Washington at the time of Mr. Biles' disappearance in July 2001. Five years later,

1

in August 2006, Mr. Biles' remains were found in a remote and wooded area in Washington.  The medical examiner determined that Mr. Biles had suffered a gunshot wound to the head skull and the Okanogan County Sheriff's Department began a homicide investigation.  Plaintiff filed her claim for insurance benefits on April 15, 2008.  State Farm has refused to pay and has stated that it is investigating the matter because Plaintiff may be barred from collecting on the policy under Washington's "slayer statute."[1]

Plaintiff initiated this lawsuit on Feb. 20, 2009.  [Dkt. No. 2].  State Farm Answered on March 18, 2009, stating, *inter alia*, that it "has not completed its investigation or decided whether it will pay benefits under the policy…."  [Dkt. No. 5, ¶ 32].  State Farm has deposited the insurance policy proceeds into the registry of the Court and remains as Defendant and Counter-Plaintiff herein. [Dkt. No. 28].

On Nov. 6, 2009, Plaintiff took the deposition of Nancy Boden ("Boden"), State Farm's designated witness under Fed. R. Civ. P. 30(b)(6).  Boden testified concerning State Farm's investigation of Plaintiff's claim.  Boden testified that two other State Farm employees, Jeff Bittner and Mia Brack had been assigned the file for investigation.  Boden testified that she had no personal contact with police or others investigating Mr. Biles' death.  Boden stated that in preparing for

---

[1]     The statute precludes one who participates in the willful and unlawful killing of another from acquiring any property or other benefit as a result of the death.  Wash. Rev. Code Ann. §11.84.020 (2009).

her deposition she reviewed Bittner's and Brack's notes of their conversations with authorities, but did not talk to them personally.

Plaintiff now moves in limine to restrict State Farm to Boden's testimony regarding the company's investigation of Plaintiff's claim herein.  In the alternative, Plaintiff seeks to require State Farm to produce a new Rule 30(b)(6) witness to testify on this subject.  Plaintiff also seeks information on State Farm's post-litigation investigation efforts.  State Farm advised Boden not to testify about this subject on the grounds of "post-litigation privilege," and Work Product.

## II.
### Discussion

Plaintiff seeks to hold State Farm to the testimony offered by Boden at her deposition.  Plaintiff contends that as State Farm's Rule 30(b)(6) witness Boden was required to inform herself completely about the company's investigation of the claim at issue.  Plaintiff contends that State Farm should not be allowed to expand on Boden's testimony by offering additional witnesses at trial.

The Court finds no grounds to support the requested lin limine ruling. As the Court noted in *Koch v. Koch Industries, Inc.*,  2 F.Supp.2d 1385, 1387 - 1388 (D.Kan.,1998), the motion in limine is a creation of neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence. *Deghand v. Wal-Mart Stores, Inc.,* 980 F.Supp. 1176, 1179 (D.Kan.1997).  The motion's purpose is expedite the trial by enabling the trial judge to rule in advance on certain anticipated evidence

and avoid lengthy argument at, or interruption of, the trial. *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir.1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.,* 652 F.Supp. 1400, 1401 (D.Md.1987)). Such pretrial rulings may save the parties time, effort and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.,* 932 F.Supp. 220, 222 (N.D.Ill.1996). However, a court is almost always better situated during the actual trial to assess the value and utility of evidence. For this reason, some courts defer making in limine rulings unless the "evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F.Supp. 1398, 1400 (N.D.Ill.1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.")

Here, the Court finds the requested in limine ruling unwarranted for several reasons. First, State Farm is not required to designated as a Rule 30(b)(6) witness only someone with *personal* knowledge of the deposition topics. *Reed v. Bennett*, 193 F.R.D. 689, 692 (D.Kan. 2000). "The rules requires only that designated persons testify as to matters 'known or reasonably available to the organization'." *Id.* Thus, there was nothing improper about Boden's designation as State Farm's Rule 30(b)(6) witness simply because she lacked personal knowledge of the insurer's communications with police, as long as she educated herself sufficiently to testify about what communication others within the company had with authorities.

4

Second, it is well-settled that although a company is bound by its 30(b)(6) witness's testimony, that testimony does not constitute a judicial admission that "formally and finally decides an issue." *W.R. Grace & Co. v. Viskase Corporation*, 1991 WL 211647, *2 (N.D.Ill.). "The testimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes." *Industrial Hard Chrome,Ltd. V. Hetran¸Inc.*, 92 F. Supp. 2d 786, 791 (N.D.Ill. 2000). If State Farm takes a contrary position to that espoused by its Rule 30(b)(6) witness, Plaintiff can impeach State Farm with Boden's testimony.

Finally, any effort by State Farm to expand or significantly alter Boden's testimony at trial would be vulnerable to attack on the grounds that State Farm had an obligation to provide a witness who could testify as to matters "known or reasonably available" to State Farm. Fed. R. Civ. P. 30(b)(6). If State Farm did not fulfill this obligation – that is, if Boden was questioned about but could not testify as to matters known or reasonably available to the insurer – proffered testimony might be precluded. However, at this point the development of such a scenario is pure speculation and, thus, a matter better left for the trial judge to determine based on the realities of the trial, not the possibilities described here.

In the alternative, Plaintiff seeks to have State Farm designated a new Rule 30(b)(6) witness to testify as to the insurer's communication with authorities regarding Mr. Biles' death. This alternative motion is also denied since there is no evidence that Boden was unprepared to testify about the deposition subjects.

Boden reviewed the notes of Bittner and Brack and other records and drew on her own experience with the file.  There is no indication her testimony was insufficient.

Finally, Plaintiff seeks to compel testimony from State Farm's Rule 30(b)(6) witness regarding the insurer's *post-litigation* investigative conduct.  State Farm responds that such conduct can rarely be used as evidence of bad faith and, thus, should not be allowed.  The cases State Farm relies on stand for the proposition that litigation conduct "should rarely, if ever, be allowed to serve as proof of bad faith."  *See, Timberlake Const. Co. v. U.S. Fid. & Guar. Co.*, 71 F.3d 335, 340 (10th Cir. 1995).  That is not the issue here, however.  Plaintiff has made it clear that the focus of her bad faith claim will be the sufficiency of State Farm's investigation of Plaintiff's claim.  Normally, the key to such a claim would be State Farm's conduct up to and including the time it made a decision to deny Plaintiff the proceeds under the policy.  In such a case, State Farm's conduct after that decision and after a lawsuit has been filed is irrelevant.  *See, Hale v. A.G. Ins. Co.*, 138 P.3d 567, 571-72 (Okla.Civ.App.2006) ("[T]he analysis in bad faith cases indicates the cutoff for relevant evidence is the date of payment or denial of the claim."); *Roesler v. TIG Insurance Co.*, 251 Fed.Appx. 489, 2007 WL 2981366, *8 (10th Cir. Oct. 12, 2007) ("The duty of good faith and fair dealing only exists during the time the claim is being reviewed.")

However, in its Answer [Dkt. No. 5] State Farm stated that it "has not completed its investigation or determined whether it will pay the death benefits

6

under the policy…." [Dkt. No. 5 at ¶ 32]. On May 15, 2009, State Farm filed an interpleader counterclaim and thereafter deposited the insurance proceeds with the Court Clerk. The Court agrees with State Farm that its conduct post-interpleader is not relevant to Plaintiff's bad faith claim; however, State Farm's investigation efforts up until the interpleader may be relevant since State Farm had not made a decision to pay benefits, deny the claim. The investigation of Plaintiff's claim was within the normal course of State Farm's business. Since no decision as to payment or denial had been made even after the lawsuit was filed, this investigatory conduct may be relevant to Plaintiff's bad faith claim. The fact that State Farm had an attorney involved in the matter after the lawsuit was filed is not sufficient to make a routine business investigation suddenly privileged.

State Farm offered three explanation for directing Boden not to testify on this subject: (1) Post-litigation privilege, (2) work product, and (3) "consulting the experts." The Court is unaware of a blanket post-litigation privilege. As discussed above, since no decision as to payment or denial of Plaintiff's claim was made at the time the lawsuit was filed, and State Farm stated it was still investigating, post-litigation activities are relevant and unprivileged. Second, the routine insurance investigation begun after Plaintiff made her claim under the life insurance policy did not suddenly become attorney work product simply because a lawsuit was filed. Finally, State Farm's assertion that testimony on this subject was precluded because "It's consulting the experts" is unsupported by any authority.

7

Plaintiffis concern here is that in defending Plaintiff's bad faith claim State Farm may seek to introduce evidence at trial about its post-litigation investigation.  If State Farm has no such intent, that concern is moot.  Plaintiff conceded at the Jan. 19 hearing that a stipulation by State Farm that it does not intend to use evidence of post-litigation conduct would resolve the issue.

ACCORDINGLY, State Farm shall either produce – at the insurer's expense –  Boden or another suitable Rule 30(b)(6) witness to testify as to the insurer's ongoing investigation of Plaintiff's claim from Feb. 20, 2009 (the date this suit was filed) to May 15, 2009 (the date of interpleader), or by Jan. 25, 2010, stipulate in writing that it will not offer any evidence of its post-litigation investigation.

IT IS SO ORDERED this  21st day of January 2010.

Paul J. Cleary
United States Magistrate Judge